**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-24195-KMM

EDWARD J. DIMARIA,

    Movant,

v.

UNITED STATES OF AMERICA

    Defendant.

_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Movant Edward J. DiMaria's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. ("Mot.") (ECF No. 1). The Government filed a response in opposition. ("Resp.") (ECF No. 5). Movant filed a reply. ("Reply") (ECF No. 9). The Court referred the above-captioned cause to the Honorable Jacqueline Becerra, United States Magistrate Judge, "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." (ECF No. 3). Pursuant to the Court's referral, Magistrate Judge Becerra issued a Report and Recommendation recommending that Movant's Motion be DENIED. ("R&R") (ECF No. 11). Movant filed Objections to the R&R. ("Objs.") (ECF No. 15). The Government filed a response to Movant's Objections. ("Objs. Resp.") (ECF No. 17).[1] The matter is now ripe for review. As set forth below, the R&R is ADOPTED, and Movant's Objections are OVERRULED.

---

[1] The Government's response to Movant's Objections is a one-page document that advances no legal argument relating to Movant's Objections, and merely urges the Court to adopt Magistrate Judge Becerra's R&R for the reasons stated in its Response to Movant's Motion and for the reasons stated in the R&R. *See generally* Objs. Resp. Accordingly, the Court will not rely on the Government's response to Movant's Objections when considering Movant's Objections below.

**I.     BACKGROUND**

On June 28, 2018, Movant entered into a plea agreement with the Government, in which he pled guilty to: (1) one count of conspiracy to make false statements to a public company's accountants, to falsify a public company's books and records, and to commit securities fraud in violation of 18 U.S.C. § 371, and (2) one count of making a false statement in a filing with the SEC in violation of 18 U.S.C. § 1001(a)(2). *See U.S. v. DiMaria,* Case No. 17-CR-20898-KMM, ECF No. 64, (S.D. Fla. June 28, 2018) (hereinafter "Plea Agreement"). On September 26, 2018, Movant was sentenced to a term of 120 months' imprisonment. *Id.* at ECF No. 83. Other aspects of the underlying proceedings, such as statements made by Movant in the course of entering his plea and at sentencing, are recounted in the R&R and do not bear repeating here. R&R at 1–6.

In the instant Motion, Movant seeks relief pursuant to 28 U.S.C. § 2255 premised upon three claims asserting that his trial counsel ("Trial Counsel") rendered ineffective assistance of counsel, in violation of his rights under the Sixth Amendment:

> (1) that Trial Counsel was ineffective for failing to properly advise DiMaria about elements of his charged offense, his procedural rights, and his available defenses, which resulted in a waiver of DiMaria's right to indictment and trial; (2) that DiMaria's guilty plea was involuntary, unknowing, and unintelligent because DiMaria lacked an adequate understanding of factual and legal matters and is innocent of the offenses charged; and (3) that Trial Counsel was ineffective in stipulating to or failing to contest the sentencing guideline enhancements regarding the loss amount and number of victims.

*Id*. at 6 (citing Mot. at 13–24). In the R&R, Magistrate Judge Becerra recommended the denial of Movant's Motion, and also recommended that no certificate of appealability be issued. R&R at 20. Now, Movant has filed objections to Magistrate Judge Becerra's R&R. *See generally* Objs. The Court summarizes the R&R and considers Movant's Objections, below.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the

R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.  DISCUSSION

In the R&R, Magistrate Judge Becerra recommends that Movant's Motion be DENIED. *See generally* R&R.  Magistrate Judge Becerra's findings and the Movant's Objections are discussed below.

**A.  Magistrate Judge Becerra's Recommendation.**

In the R&R, Magistrate Judge Becerra recommends the denial of Movant's Motion, and also recommends that no certificate of appealability be issued.  R&R at 20.  In doing so, Magistrate Judge Becerra found as follows.

First, Magistrate Judge Becerra found that Movant's first and second claims should be denied as conclusory and as lacking foundation.  Magistrate Judge Becerra found that although Movant's Trial Counsel had certain documents relating to internal investigations conducted by Grant Thorton and/or Watchtell Lipton ("Internal Investigation Documents")—which Movant contends show his actual innocence—the legal significance of these documents is not clear.  R&R at 12.  Magistrate Judge Becerra faulted Movant for making conclusory claims as to facts that could be drawn from these documents and for failing to state exactly what his Trial Counsel should have done with these documents.  *Id*.  Magistrate Judge Becerra also concluded that Movant's argument that his Trial Counsel should have properly advised him as to the Government's burden to prove materiality—an element of the charges against him—was belied by statements he made under oath during his plea colloquy.  *Id*. at 12–13.  For these reasons, Magistrate Judge Becerra found no basis for Movant's argument that his trial counsel's advice rendered his guilty plea

involuntary, unknowing, or unintelligent. *Id*. at 14 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (""[s]olemn declarations in open court carry a strong presumption of verity.").

Second, Magistrate Judge Becerra found that Movant's claim of ineffective assistance arising from his Trial Counsel's failure to contest sentencing guideline enhancements should be denied. *Id*. Movant argued that his Trial Counsel was ineffective because he was advised to accept a proposed loss amount over $25 million, but his Trial Counsel should have known that this amount could not be factually or legally attributed to him. Mot. at 1. Magistrate Judge Becerra found that Movant's assertion of an alleged misunderstanding is conclusory and does not explain how his Trial Counsel misunderstood the law. R&R at 15. Magistrate Judge Becerra also found that the Government's figure of $25 million was substantiated at the plea hearing, and notes that Movant agreed during the sentencing hearing that this figure was correct. *Id*. at 16. Magistrate Judge Becerra noted that Movant's acceptance of the plea offer including the loss calculation reduced his exposure from a potential 25-year sentence, to a 10-year maximum, and his Trial Counsel therefore cannot be said to have rendered advice falling below an objective standard of reasonableness. *Id*.

Insofar as Movant contends that his Trial Counsel was deficient for failing to challenge the sentencing guidelines calculations, Magistrate Judge Becerra found that Movant's Trial Counsel brought forth other defenses, such as a request for a variance and by noting lesser sentences imposed in similar cases. *Id*. at 17. Thus, Magistrate Judge Becerra concluded that Movant's Trial Counsel's decision not to challenge the loss calculations' implications on his guideline range does not amount to deficient performance. *Id.* On this point, Magistrate Judge Becerra noted that Movant accepted a plea offer that agreed to facts supporting the enhancements to his guidelines range—including the $25 million loss calculation. *Id*. (citing *Renteria v. United States*, No. 18-25275-CV, 2021 WL 707660, at *3 (S.D. Fla. Jan. 27, 2021) (finding counsel not ineffective

5

for failing to challenge the government's factual basis where such challenge would have been futile)). Thus, Magistrate Judge Becerra found that any objection to the $25 million loss calculation at the sentencing hearing would have been futile. *Id*. Relatedly, Magistrate Judge Becerra concluded that Movant's contention that he would have proceeded to trial instead of accepting the terms of the plea, had he been properly advised of the premises underlying his plea agreement, to be unfounded because: (1) Movant was given the opportunity to make any corrections to the factual basis presented by the Government during his change of plea hearing but did not, and (2) Movant's experience as a CPA and CFO should have enabled him to assess the loss figure for himself. *Id*. Thus, Magistrate Judge Becerra concluded that Movant failed to show a reasonable probability that he would have proceeded to trial if his counsel had advised him differently. *Id*.

Finally, Magistrate Judge Becerra concluded that Movant did not meet his burden of establishing the need for an evidentiary hearing because he did not demonstrate that his allegations, if proven, would establish a right to collateral relief. *Id*. at 19. Additionally, Magistrate Judge Becerra recommended that no certificate of appealability should be issued. *Id*. at 20.

**B. Movant's Objections.**

In Movant's Objections, he raises virtually the same arguments that are included in his Motion, argues that an evidentiary hearing should have been conducted as to his Motion or, in the alternative, requests leave to amend the Motion. *See generally* Objs. Movant also requests that the Court grant a certificate of appealability in the event he is not given leave to amend. *Id*. The bases for Movant's Objections are discussed below.

### 1. Movant's Objections Relating to the $25 Million In Losses Are Without Merit.

Movant argues that the record of the plea hearing should not be used to resolve his ineffective assistance claim because at the plea hearing, the prosecutor stated that the $25 million loss was based on solely a decrease in stock price. Objs. at 4. Whereas, the Eleventh Circuit has held that the Government must show that investors relied on false information when deciding to purchase the stock. *Id*. (citing *United States v. Stein*, 846 F.3d 1135, 1153 (11th Cir. 2017)). Thus, Movant contends that his Trial Counsel neglected their responsibility to investigate and evaluate his options, and to adequately explain these options to Movant. *Id*. at 6. Relatedly, Movant contends that his Trial Counsel rendered ineffective assistance by advising him to agree to the inclusion of a miscalculated loss amount because of the impact it would have on his guideline sentence—specifically, a 22-level enhancement for losses. *Id*. at 7. To this point, Movant contends that his Trial Counsel's request for a variance should not excuse their failure to object as to the basis for a $25 million loss figure, given its purported lack of support and the substantial impact that it had on his sentence. *Id*. at 8 (citing *Glover v. United States*, 531 U.S. 198, 203 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance.")).

The Eleventh Circuit recognizes that "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995). (citation omitted). Regarding the first prong of the *Strickland* test, the movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "In fact, even if there is reason to think that counsel's conduct 'was far from exemplary,' a court still may

7

not grant relief if 'the record does not reveal' that counsel took an approach that no competent lawyer would have chosen." *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021) (quoting *Burt v. Titlow*, 571 U.S. 12, 23–24 (2013) (alteration incorporated)). "[C]onstitutionally acceptable performance is not narrowly defined, but instead encompasses a 'wide range.'" *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995).

Movant's objections as to his Trial Counsel's advice to agree to a $25 million loss for the purposes of sentencing are without merit. Magistrate Judge Becerra was correct in finding that the Government's figure of $25 million was substantiated at the plea hearing, and notes that Movant agreed during the sentencing hearing that this figure was correct. R&R at 16. Magistrate Judge Becerra was also correct in noting that Movant's acceptance of the plea offer including the loss calculation reduced his exposure from a potential 25-year sentence, to a 10-year maximum, and his Trial Counsel therefore cannot be said to have rendered advice falling below an objective standard of reasonableness. *Id*. The Court finds that Movant's counsel's advice for Movant to plead guilty and stipulate to a $25 million loss figure constituted a reasonable strategic decision. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690–91.

Moreover, as noted in the R&R, Movant bears a heavy burden to show that his statements made in open court, in which he agreed to the $25 million loss figure, were false. Indeed, a guilty plea is "voluntary and knowing where, '(1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant knows and understands the consequences of his guilty plea.'" R&R at 14 (quoting *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (alterations omitted) (quoting *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999)); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open

court carry a strong presumption of verity."). The Court agrees with Magistrate Judge Becerra that Movant's agreement to a $25 million dollar loss weighs heavily against finding that his counsel erred by failing to advise him not to stipulate to that same amount.

Relatedly, because Movant stipulated to a $25 million dollar loss pursuant to his plea agreement, the Court agrees with Magistrate Judge Becerra that any objection to this amount as a basis for his guidelines sentence during his sentencing hearing would have been futile. R&R at 17. Magistrate Judge Becerra is correct that at Movant's sentencing hearing, his trial counsel brought forth other defenses, such as a request for a variance and by noting lesser sentences imposed in similar cases. *Id*. The Court agrees with Magistrate Judge Becerra that Movant's trial counsel's strategic decision not to challenge the $25 million dollar loss figure at the sentencing hearing as it relates to Movant's guidelines sentence, which at that point had been stipulated to, again constitutes a reasonable strategic decision that is virtually unchallengeable. *Strickland*, 466 U.S. at 690-91.

Movant has made much of the Government's description of the loss calculation during his plea hearing. Objs. at 3. However, the Government's description of the loss calculation has nothing to do with whether his trial counsel's representation fell below an objective standard of reasonableness. Movant would have the Court reopen his criminal case for a new trial on loss causation, but that is exactly what he has forgone by having entered a plea of guilty. At this point, the only issue for the Court to resolve is the effectiveness of Movant's trial counsel. For the reasons discussed above, the Court concludes that Movant's trial counsel was not objectively unreasonable with respect to any aspect of their advice surrounding the $25 million dollars in losses because, by acting on that advice, **<u>Movant was able to reduce his prison exposure by fifteen (15) years</u>**. *Dunn*, 141 S. Ct. at 2410 ("In fact, even if there is reason to think that counsel's

9

conduct 'was far from exemplary,' a court still may not grant relief if 'the record does not reveal' that counsel took an approach that no competent lawyer would have chosen." (quoting *Burt*, 571 U.S. at 23–24)).

Finally, the Court finds that Movant's arguments under *Stein* are improperly before the Court and, in any event, meritless. In *Stein*, the Eleventh Circuit held that in order for a sentence enhancement under U.S.S.G. § 2B1.1 to apply, "the government must show that the investors relied on [a defendant]'s fraudulent information to satisfy the 'but for' causation requirement under U.S.S.G. § 2B1.1" *Id*. The Eleventh Circuit held that "the government may show reliance in a securities fraud case either through direct evidence or specific circumstantial evidence." *Id*. The *Stein* court further stated:

> The government may of course introduce individualized evidence of reliance—that is, direct evidence that each individual investor read the false information and relied on it when deciding to purchase stock. *See United States v. Ebbers*, 458 F.3d 110, 126–27 (2d Cir. 2006) (recognizing that reliance can be shown for loss calculation purposes under § 2B1.1 by offering evidence to demonstrate "express reliance on the accuracy of the [fraudulent] financial statements"). But, as the district court aptly recognized, requiring individualized proof of reliance for each investor is often infeasible or impossible. *See Basic Inc. v. Levinson*, 485 U.S. 224, 245 (1988) (recognizing in civil securities fraud context that requiring direct proof of reliance may be "an unnecessarily unrealistic evidentiary burden on the Rule 10b-5 plaintiff who has traded on an impersonal market"); *Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1253 (11th Cir. 2014) (same). Thus, in cases such as this one involving numerous investors, the government may instead offer specific circumstantial evidence from which the district court may reasonably conclude that all of the investors relied on the defendant's fraudulent information.

*Id*. at 1153–54 (internal citations reformatted).

Magistrate Judge Becerra was correct that in Movant's Motion, he "provide[d] a conclusory statement that Trial Counsel misunderstood the law without any further explanation." R&R at 15. Movant's Motion and Reply are devoid of even a single reference to *Stein*. *See generally* Mot.; Reply. Thus, Movant's arguments under *Stein* are deemed waived because he has

raised them for the first time in his Objections. Objs. at 4; *Williams v. McDonough*, No. 06-cv-61526, 2008 WL 623033, at *2 (S.D. Fla. Mar. 6, 2008), *aff'd sub nom, Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009) (finding that district courts have the discretion to decline to consider arguments raised for the first time in a Petitioner's Objections (collecting cases)). In any event, this case is distinguishable because the defendant in *Stein* was convicted by a jury and the district court was therefore not provided with a stipulated loss amount. *Stein*, 846 F.3d at 1143. Unlike in *Stein*, here, Movant acknowledged that the Government could prove *beyond a reasonable doubt* that his offenses "resulted in a loss of at least $25,000,000" and the Plea Agreement included a joint recommendation that the offense level be increased "by twenty-two (22) levels pursuant to Section 2B1.1(b)(1)(L) of the Sentencing Guidelines." Plea Agreement at 5–6. Additionally, the Plea Agreement also states that the Movant's offenses caused a loss to at least 10 or more victims. *Id*. at 5. This underscores, again, that the loss amount was agreed upon in connection with a larger agreement that reduced Movant's prison exposure by 15 years. Nothing in *Stein* suggests that a district court cannot reasonably rely on a stipulated loss amount as circumstantial evidence of losses or reliance by investors. *Stein*, 846 F.3d at 1153–54. Nor has Movant cited to any case standing for that proposition. *See generally* Objs. Accordingly, the Court finds that it reasonably relied on the stipulated loss amount as circumstantial evidence of losses and Movant's counsel was not objectively unreasonable in failing to raise this issue during Movant's sentencing hearing. *Dunn*, 141 S. Ct. at 2410.

### 2. Movant's Objections Relating to the Internal Investigation Reports Are Without Merit.

Movant also argues that Magistrate Judge Becerra erred in finding that he had failed to meet a burden of proof at the pleading stage and, relatedly, by denying him an evidentiary hearing. Objs. at 9. Movant contends that his description of the Internal Investigation Reports and their

legal significance in his Motion should have been sufficient for him to proceed to an evidentiary hearing. *Id*. at 9–10. On this point, Movant contends that Magistrate Judge Becerra erred by: (1) assuming his Trial Counsel understood the significance of the Internal Investigation Reports, (2) finding that Movant's Trial Counsel could have reviewed this information and competently advised Movant to enter a plea agreement stipulating to massive harms under the sentencing guidelines, (3) recommending dismissal of Movant's Motion with prejudice, (4) relying on proffers of countervailing factual allegations from the Government without giving Movant the opportunity to participate in an evidentiary hearing, and (5) assuming that Movant's experience as a CPA and CFO should have made him aware of legal questions such as materiality and proximate causation. *Id*. at 10–18.

The above-stated legal standards relating to habeas petitions for ineffective assistance of counsel apply here as well.

All of Movant's Objections premised upon the Internal Investigation Reports fail for the same reasons as his Objections premised upon the $25 million in loss figure. Again, the Court stresses that Movant is not entitled to a wholesale re-litigation of the facts underlying his criminal conviction. Rather, the Court is merely tasked with assessing whether Movant's trial "took an approach that no competent lawyer would have chosen." *Dunn*, 141 S. Ct. at 2410 (quoting *Burt*, 571 U.S. at 23–24 (alteration incorporated)). Movant does not dispute Magistrate Judge Becerra's finding that Movant and his trial counsel were aware of the existence of these Internal Investigation Reports during the course of his criminal case. R&R at 11. Indeed, Movant himself participated in the underlying investigations. *Id*. Therefore, the Court agrees with Magistrate Judge Becerra that (1) Movant's arguments are conclusory with respect to the significance of the Internal Investigation Reports, and (2) Movant's statements made during his plea agreement strongly

indicate that he understood all aspects of the charges against him. R&R at 13–14. Thus, for the reasons stated in the R&R, the Court finds that there is "no basis to find that Trial Counsel's advice rendered the DiMaria's guilty plea involuntary, unknowing, or unintelligent." R&R at 13.

Movant argues that his trial counsel could not have reviewed this information and competently advised Movant to enter a plea agreement stipulating to massive harms under the sentencing guidelines. Objs. at 11. Yet, notably, Movant does not mention the aspects of Magistrate Judge Becerra's R&R that detail Movant's Factual Proffer ("Factual Proffer") (ECF No. 69) in which she recounts how "he admitted, among other things, that he maintained a spreadsheet that documented and tracked expense accruals that were not supported, signed management representation letters to Bankrate's auditors that contained false certifications, and caused Bankrate to file financial statements with the SEC that contained false earnings figures." R&R at 3 (citing Factual Proffer at 2–3). It bears quoting from the Factual Proffer, at length:

> The Defendant and his co-conspirators maintained a spreadsheet – which the Defendant and his co-conspirators referred to as "cushion" – that documented and tracked expense accruals that were not supported. Rather than reduce Bankrate's improperly recorded expense accruals immediately, as required under the accounting rules, between June 2011 and September 2014, the Defendant directed and agreed with his co-conspirators to selectively reverse certain of the expense accruals in certain later quarters as a means of falsely inflating Bankrate's publicly reported earnings and adjusted earnings.
>
> DIMARIA, and his co-conspirators falsely inflated Bankrate's Adjusted EPS and Adjusted EBITDA figures by directing Bankrate's finance department to improperly book routine fees and expenses as ("deal related expenses" or "deal costs." By intentionally adding routine expenses to the "deal costs" account, DIMARIA and his co-conspirators caused more expenses to be excluded from Bankrate's publicly reported adjusted earnings figures than were disclosed to investors, and caused Bankrate's publicly reported Adjusted EPS and Adjusted EBITDA to be falsely inflated.
> . . .
>
> The Defendant also caused Bankrate to file financial statements with the SEC that contained material misrepresentations about Bankrate's financial condition. In particular, after having first reversed certain of the expense accruals from the "cushion" spreadsheet, on or about May 14, 2012, the Defendant caused Bankrate

13

> to file financial statements with the SEC for the quarter ending March 31, 2012 that contained false earnings figures.

Factual Proffer at 3–4. Movant's Objections contain no reference to the so-called "cushion" spreadsheet—which was admittedly maintained by Movant to track expense accruals that were not supported. *See generally* Objs. It bears mentioning again, that Movant's Trial Counsel's advice led to a substantial reduction in his criminal sentence, and it is undisputed that Movant and his Trial Counsel were aware of the Internal Investigation Reports. Given the other information included in the Factual Proffer which Movant has not called into question, the Court finds that Movant's Trial Counsel made a reasonable strategic decision to advise Movant to plead guilty, despite the existence of the Internal Investigation Reports. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690-91. Simply put, even if the Internal Investigation Reports include exculpatory information, that does not mean that Movant's counsel "took an approach that no competent lawyer would have chosen" given (1) the above-stated aspects of the Factual Proffer that are unaddressed in Movant's Objections, and (2) that Movant obtained a substantial reduction in the potential length of his sentence. *Dunn*, 141 S. Ct. at 2410 (quoting *Burt*, 571 U.S. at 23–24 (alteration incorporated)).[2]

Finally, the Court agrees with Magistrate Judge Becerra, for the reasons stated in the R&R, that no evidentiary hearing is necessary and that no certificate of appealability should issue. R&R at 19–20.

---

[2] The Court need not address Movant's arguments with respect to whether Magistrate Judge Becerra properly noted that his experience as a CFO or CPA in connection with the findings in her R&R because even if his experience as a CFO or CPA is not relevant, Movant's motion is still without merit for all the reasons stated above.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. Magistrate Judge Becerra's Report and Recommendation (ECF No. 11) is ADOPTED, and Movant's Objections (ECF No. 15) are OVERRULED.

2. Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) is DENIED and no certificate of appealability shall issue.

3. The Clerk of Court is hereby INSTRUCTED to CLOSE the above-captioned case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this _3rd_ day of March, 2022.

                                      K. MICHAEL MOORE
                                      UNITED STATES DISTRICT JUDGE

c: All counsel of record